Francesco Dello Iacono, App't.
vs.
Benjamin Perriello et ux.
No. 80109.

January 13, 1930.

HAHN, J. Heard on defendants' motion for non-suit.

This action, based upon a claim for broker's commission in the sale of certain real estate, came on for trial December 19, 1929. At the close of plaintiff's case, defendants moved for a non-suit on the ground that the action was based upon a special contract which was not set forth in the declaration.

The Court at that time denied the motion for a non-suit and passed the case with the condition that plaintiff should pay to the defendants $15 counsel fees and file an amended declaration within two weeks thereafter. This was not done and on January 8, 1930, defendants filed a motion for a non-suit and thereafterwards, on January 9, plaintiff tendered the amount ordered to be paid for counsel fees and filed an additional count to the declaration.

No reason is given for failure to obey the order of the Court within the time limited. As plaintiff has not obeyed said order in accordance with the terms thereof, defendants' motion for a non-suit is granted.

For plaintiff: R. Vicario.

For defendants: S. S. Lapham.

Richard Juskalian
vs.
Harry K. Nahigian
Eq. No. 9429.

January 13, 1930.

WALSH, J. This is a petition to establish a mechanic's lien. The present petitioner was a contractor under oral contract to furnish plumbing and steam fitting to respondent in the 24-apartment house at 23 Tobey Street, Providence, upon a cost plus 10 per cent basis. There is no itemized account of work, labor and materials furnished either in the commencement of process or upon hearing before us. The proof introduced was fragmentary, conjectural and indefinite. The sums claimed were not agreed upon or fixed but must have been the result of computation. The elements of this computation were the subject of an account which should have been given. The number of days' work, when performed, material delivered, price or prices charged should appear.

*McPherson* vs. *Greenwell*, 27 R. I. 178.

The petition and proof do not set forth the particulars of the complainant's demand as required by statute.

Petition denied and dismissed.

For petitioner: Dickran Boyajian.

For respondent: John A. Tillinghast and Huddy & Moulton.